Zheng v. *Sessions*

BIA
Nelson, IJ
A079 402 969

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ZHIBI ZHENG,
> *Petitioner,*

v.                                          15-1205
                                            NAC

Jeff Sessions, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lewis G. Hu, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Thankful T. Vanderstar, Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Zhibi Zheng, a native and citizen of the People's Republic of China, seeks review of a March 26, 2015 decision of the BIA affirming a February 28, 2013 decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhibi Zheng,* No. A079 402 969 (B.I.A. Mar. 26, 2015), *aff'g* No. A079 402 969 (Immig. Ct. N.Y. City Feb. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., without considering the basis for denying relief that was not addressed by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we do not consider the IJ's denial of the asylum application as untimely and we address only the agency's adverse credibility determination. *Id*. The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66

2

(2d Cir. 2008). In making an adverse credibility determination, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's . . . written and oral statements," and inconsistencies in the record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64.

We grant Zheng's petition and remand because the agency's adverse credibility determination is not supported by a totality of the circumstances. The IJ's inconsistency findings are not supported by the record, and her implausibility finding is not tethered to the evidence.

The IJ erred in finding Zheng's testimony inconsistent regarding the date of her second forced abortion. Zheng repeatedly stated that she did not remember the exact date of that abortion and consistently testified that it occurred while she was home for the Chinese New Year. Zheng guessed that, in the relevant period, the Chinese New Year occurred around November or December 2000; her documents stated that her second abortion was performed in early February 2001. The IJ ignored

3

Zheng's consistent testimony that the abortion occurred after the Chinese New Year and relied solely on Zheng's statement that she guessed the holiday was in November or December to find her testimony and documents inconsistent. A standard reference source explains that the "Chinese New Year, also called Lunar New Year, [is an] annual 15-day festival in China . . . that begins with the new moon that occurs sometime between January 21 and February 20 according to Western calendars." Encyclopedia Britannica, https://www.britannica.com/topic/Chinese-New-Year. Zheng's documents that her abortion occurred in early February 2001 were thus consistent with her testimony that her second abortion occurred "after the Chinese New Year." Given the lack of actual inconsistency, the IJ's finding in this regard provides no support for the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii) (requiring that a "totality of the circumstances" support a credibility ruling); cf. Diallo v. INS, 232 F.3d 279, 287-88 (2d Cir. 2000) (recognizing in pre-REAL ID Act case that minor discrepancies in dates need not be fatal to an applicant's credibility).

The IJ found Zheng's testimony that she had not made a copy of her passport before it was confiscated by a smuggler

4

inconsistent with her attorney's submission of a copy of that passport. However, Zheng testified that she could not remember if she had made a copy, not that she had never done so. Thus, the IJ erred in finding the record inconsistent in this regard.

The IJ also erred in finding an inconsistency between Zheng's testimony and statements made in her father's letter. Zheng testified that she was asked to report for a family planning checkup "three months[,] more or less" after her first forced abortion; her father's letter and her asylum application stated that she received a notice to report "[a]bout" six months after the first abortion. Neither Zheng nor her father was definitive in their recollections of the timeline, and, as Zheng explained, both were discussing an incident that had occurred years earlier (more than a decade before Zheng's testimony and seven years before her father's letter). *See Diallo*, 232 F.3d at 287-88.

The IJ's finding that that it was implausible that Zheng would pay to have her intrauterine device ("IUD") removed when she was homeless and did not have a job was impermissibly speculative. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (recognizing that "a finding of inherent implausibility must be based on more than bald speculation or

5

caprice" (internal quotation marks omitted)); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not bald if the inference is made available to the factfinder by record facts . . . ." (internal quotation marks omitted)). Zheng testified that, while living in Sichuan Province for six months, she paid to have her IUD removed and she became homeless for one month. She never testified, however, that these circumstances occurred at the same time during that six-month period, nor was she questioned as to the chronology. Accordingly, the IJ's finding that it was implausible that Zheng paid to remove her IUD while homeless was impermissibly speculative. *See Wensheng Yan*, 509 F.3d at 66-67; *Siewe*, 480 F.3d at 168-69.

Given these weaknesses in the IJ's inconsistency and implausibility findings, all that remains to support the agency's adverse credibility determination is the IJ's finding that Zheng's demeanor was questionable. Although particular deference is given to the trier of fact's assessment of demeanor, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005), we have never held that a demeanor finding alone may constitute substantial evidence to support an adverse credibility determination, *cf. Li Hua Lin v. U.S. Dep't of*

6

*Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). Moreover, the IJ's demeanor finding was not particularly strong in this case. Although the IJ faulted Zheng for frequently pausing during her testimony and for appearing to have a difficult time recalling several details of the events surrounding her abortions, it is difficult to discern whether Zheng's hesitation and lack of recall were "extremely troubling," as the IJ found, or a result of the passage of more than a decade since the events in question.

In the absence of an adequate basis for questioning Zheng's credibility, the agency may not rely solely on a failure to corroborate to find Zheng not credible. *See Diallo*, 232 F.3d at 287; *see also Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). Indeed, the IJ did not find that Zheng's failure to produce certain evidence provided an independent basis for finding her not credible.

Because we cannot confidently predict that the agency would have made the same decision absent the identified errors, remand is required. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk